FILED
CHARLOTTE, NC

SEP 21 2007

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:07MC110

| | |
|---|---|
| IN RE: ) | |
| REAL PROPERTY LOCATED AT 16915 ) | |
| TURTLE POINT ROAD, CHARLOTTE, ) | |
| NORTH CAROLINA, AS MORE ) | **ORDER** |
| PARTICULARLY DESCRIBED IN A ) | **AND LIS PENDENS** |
| DEED RECORDED AT BOOK 19629, ) | |
| PAGE 961, IN THE MECKLENBURG ) | |
| COUNTY PUBLIC REGISTRY ) | |
| _____ ) | |
| ) | |
| **FILE IN GRANTOR INDEX UNDER:** ) | |
| **JOHN DAVID BENNETT, JR.;** ) | |
| **MELINDA GOINS BENNETT** ) | |

WHEREAS, the United States of America, by and through Special Agent Peter M. Rae, Internal Revenue Service, Criminal Investigation Division, has presented an Affidavit to the Court alleging that the above-captioned property is traceable to the proceeds of mail fraud and/or wire fraud and was involved in an attempt to evade taxes and/or money laundering, and/or false statement in a loan and credit application, in violation of 18 U.S.C. § 1014, § 1341, § 1343, §§1956-1957, and/or 26 U.S.C. § 7201; and,

WHEREAS, the Court, having reviewed the Affidavit, finds that there is probable cause to believe that the property is traceable to the proceeds of mail fraud and/or wire fraud and was involved in an attempt to evade taxes and/or money laundering, and/or false statement in a loan and credit application, in violation of 18 U.S.C. § 1014, § 1341, § 1343, §§1956-1957, and/or 26 U.S.C. § 7201; and,

WHEREAS, upon this finding of probable cause, the property may be subject to criminal or civil forfeiture to the United States pursuant to 18 U.S.C. §§ 981, 982, and/or 985 and/or 28 U.S.C. §2461(c), and the government is entitled to record a lis pendens to give public notice of the government's forfeiture interest and potential civil and/or criminal forfeiture claim against the property;

THEREFORE, the United States is directed forthwith to file this Order and Lis Pendens with the appropriate state or local public depository to prevent the flight or transfer of the property so that the United States may initiate action to adjudicate forfeiture of the property; and,

ALL WHO READ THIS ORDER AND LIS PENDENS TAKE NOTICE that the property is subject to forfeiture to the United States in a present or future criminal or civil *in rem* action before this Court, and any person who has a question as to this action should contact:

> United States Attorney
>     for the Western District of North Carolina
> Attn: William Braffford, Assistant United States Attorney
> 227 West Trade Street, Suite 1650
> Charlotte, NC  28202
> (704) 344-6222

This the 21st day of September, 2007.

_____
DAVID C. KEESLER
UNITED STATES MAGISTRATE JUDGE

**TO THE RECORDER OF THIS INSTRUMENT: MAIL ANY AND ALL RECORDED COPIES TO THE UNITED STATES ATTORNEY FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT THE ABOVE ADDRESS.**

## AFFIDAVIT

I, R. Peter M. Rae, Special Agent, United States Department of the Treasury, Internal Revenue Service, Criminal Investigation Division, having been duly sworn, do hereby state that the following is true and correct to the best of my knowledge and belief:

1. I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation Division ("IRS-CID"), and have been so employed since 2006. I am presently assigned to the Charlotte, North Carolina Post of Duty. My official duties include the investigation of possible criminal violations of the Internal Revenue laws, Title 26, United States Code, and domestic currency reporting and money laundering violations, Titles 31 and 18, United States Code, and related statutes. I have attended the Criminal Investigator Training Program and the IRS Special Agent Basic Training at the Federal Law Enforcement Training Center, which encompassed detailed training in conducting financial investigations. Over the past year, I have conducted or assisted in the investigation of numerous suspected violations of financial fraud, criminal tax fraud, and currency and/or money laundering statutes (Titles 18, 26, and 31, United States Code). I have also participated in the execution of search and seizure warrants as part of these investigations.

2. I am familiar with the investigation concerning John D. Bennett, Jr., and Melinda G. Bennett, involving potential violations of Title 26, Section 7201, attempt to evade or defeat tax; Title 18, Section 1956(a)(1)(A)(ii), money laundering; Title 18, Section 1014, fraud and false statements on loan applications and Title 18, Sections 1341 and 1343, mail and wire fraud. I am therefore knowledgeable of the information which follows in this affidavit, from my investigation into these violations, from my conversations with agents and investigators from the Federal Bureau of Investigation, and from my training and experience as a Special Agent.

1

3. The IRS-CID, in conjunction with the Federal Bureau of Investigation, is currently conducting an investigation of John David Bennett, Jr., ("Bennett") who has embezzled money from his employers and subsequently diverted the embezzled funds from a business account to the purchase of his residence, in violation of federal law.

4. I submit that there is probable cause to believe that the residence of Bennett and his wife, Melinda Goins Bennett, located at 16915 Turtle Point Rd., Charlotte, NC 28278 ("the house") , was purchased with and continues to be paid for with funds that were originally embezzled, transferred to Bennett's business, A&M Worldwide, and then diverted from A&M Worldwide to payments on the house, in violation of Title 26 U.S.C. Section 7201. Further, there is probable cause to believe that these transactions consisted of proceeds of mail fraud and wire fraud in violation of Title 18, United States Code, Sections 1341 and 1344, and therefore constitute money laundering in violation of Title 18 U.S.C Section 1956(a)(1).

5. Bennett was employed by parent company Masco through their Bath Unlimited division from November 2003 until February 2006. Based on documentation voluntarily presented by Masco's attorney, John Cole, and David Wells of Forensic Assurance Services, there was an internal audit performed by Masco. The audit revealed that during this period Bennett embezzled approximately $2 million from his employer. Their investigation further showed that Bennett utilized a third party freight management company known as Holson Solutions, Inc. (HSI), operated by Lewis Holson. Bennett would create fictitious invoices using HSI letterhead to give to his employer and then notify Holson via email how the funds paid to Holson should be disbursed. Bennett owned two companies, Over the Road Financial, and A&M Worldwide, both operating under the same EIN. Based on the analysis of bank account information collected through subpoenaed materials, I and other federal agents were able to determine that the total amount deposited to these company's accounts from Holson Solutions

was approximately $2 million and the total payments made to directly John and Melinda Bennett was approximately $367,000. Both United States Mail and interstate wire communications were utilized in connection with the fraudulent scheme. Masco provided copies of emails Bennett sent to HSI describing how payment checks from Masco were to be disbursed. The mail was utilized to transfer the payment checks from Masco's third party billing company Nolan & Cunnings, as well as the checks that HSI sent in response to the emails received from Bennett.

6. According to information provided by Masco, Bennett accomplished his embezzlement through multiple techniques. He would utilize a local carrier at a reduced rate and then charge his employer an inflated rate based on the invoice that he created with the Holson Solutions, Inc., letterhead. Holson confirmed this information during an interview in which he stated that he never generated any billing invoices for Bath Unlimited, and never authorized anyone to produce HSI invoices. This was also verified through the copies of the invoices that were received from Masco, showing the original invoice that the carrier submitted, and then the HSI invoice that Bennett submitted, noting an inflated price difference between the two invoices for the same job. According to documents submitted by Masco through their internal audit, they indicated that Bennett would also intercept invoices submitted by carriers. He would attach a HSI invoice that he created and submit them to his accounts payable department. Bennett would then wait until the original bill was nearly due to submit that invoice to his employer's accounts payable department, not allowing time for any research to verify the invoice before payment. The only reason for this was so that Bennett could double bill for invoices.

7. Through subpoenaed documents, I and other federal agents were able to determine that in the year 2005, Melinda Bennett diverted embezzled funds from the business account of A&M Worldwide, Inc., to purchase the cashiers check used for payment at the closing on the house, which took place on November 14, 2005. A&M Worldwide was incorporated in North

3

Carolina on January 11, 2005, and has filed no corporate tax returns since then. Bennett did not file an individual income tax return for himself for 2003 or a joint return with his wife for 2005. There are, however, returns on file for the years 2002 and 2004. The house is titled in the name of the Bennetts, not A&M Worldwide, Inc, or Over the Road Financial. By not reporting these transactions, Bennett is hiding them from the Internal Revenue Service. Consequently, these payments constitute violations of 18 U.S.C. 1956(a)(1)(A)(ii), based on evasion of taxes under 26 U.S.C. 7201.

8. Based on additional subpoenaed records, it appears that on November 10, 2005, Melinda Bennett represented on the application to Wells Fargo Home Mortgage for a loan on the house, that her salary from A&M Worldwide, Inc., as president of the company, was $25,000 per month. This income is not supported by any bank documents received on the Bennetts' business or personal accounts that were subpoenaed, nor is it supported through payroll information received from the corporation through a subpoena. This false statement of income would be of material importance to Wells Fargo when deciding to lend nearly $500,000. The loan application was signed only by Melinda Bennett, however the house is titled in the names of John and Melinda Bennett. As stated above, the closing for this property took place on November 14, 2005. This material false statement is in violation of 18 U.S.C. Section 1014, fraud and false statements on loan applications, and qualifies as an underlying specified unlawful activity for 18 U.S.C. 1956(c)(7)(D). Additionally, by virtue of a deed recorded on November 14, 2005, at Book 19629, Page(s) 961-963, in the office of the Mecklenburg County Register of Deeds, John David Bennett and Melinda Goins Bennett are the current owners of the house. The deed further describes the real property as being LOT NO. 46 of THE PALISADES, PHASE 2A, BLOCK 6. In reviewing loan records from Wachovia Bank, NA, the house was purchased with an official check, credit number 54465258, in the amount of $28,104.22, funded by a withdrawal of an

identical amount from the checking account of A&M Worldwide, Inc. The monies used in these transactions were funded by proceeds diverted from A&M Worldwide, Inc.

9.  Based on the foregoing, I submit that real property located at 16915 Turtle Point Road, Charlotte, NC 28278, is subject to forfeiture under Title 18, United States Code, Sections 981, 982, and 985, and Title 28, United States Code, Section 2461(c).

_____
R. Peter M. Rae
Special Agent
IRS Criminal Investigation
Charlotte, North Carolina

Subscribed and sworn to before me this 21st day of September, 2007.

_____
United States Magistrate Judge

5